IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| JOINT STOCK COMPANY APATIT, | )<br>)<br>) |
| Plaintiff-Intervenor,<br>and Consolidated<br>Plaintiff, and | )<br>)<br>)<br>) |
| THE MOSAIC COMPANY, | )<br>) |
| Consolidated<br>Plaintiff, | )<br>)<br>) |
| v. | ) Consol. Court No. 23-00239 |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| THE MOSAIC COMPANY, | )<br>) |
| Defendant-Intervenor, and<br>Consolidated Defendant-<br>Intervenor, and | )<br>)<br>)<br>) |
| JOINT STOCK COMPANY APATIT, | )<br>)<br>) |
| Consolidated Defendant-<br>Intervenor | )<br>)<br>) |

**DEFENDANT'S POST-ARGUMENT SUBMISSION**

Pursuant to the Court's April 14, 2025 order, ECF No. 73, defendant, the United States, respectfully submits this post-argument submission.

# ARGUMENT

I. Substantial Evidence Supports Commerce's Determination Regarding JSC Apatit's Purportedly Independent Natural Gas Suppliers

Plaintiff Joint Stock Company Apatit (JSC Apatit), has argued that Commerce unreasonably applied facts available with an adverse inference (AFA) to it based on the government of Russia's (GOR) failure to cooperate to the best of its ability with regard to information concerning certain purportedly independent gas suppliers. JSC Apatit bases its argument, in part, on its assertion that, during the investigation (which immediately preceded the period of review that is the subject of this litigation), Commerce found that "one of the same companies, ███████████████, was not a 'government authority.'" JSC Apatit Br. at 36-37 (citing *Phosphate Fertilizers from the Russian Federation*, 85 Fed. Reg. 76,524 (Dep't of Commerce Nov. 30, 2020) (preliminary determination), and accompanying Preliminary Decision Memorandum at 9 (Investigation PDM)). This assertion is inaccurate and should not be considered by the Court.

In the preliminary determination for the investigation, Commerce found that "{g}iven the information provided by the GOR, we preliminarily find that *{Public Joint Stock Company} Novatek* (Novatek) is a private entity without GOR ownership or control, and therefore have excluded the respondents' purchases of natural gas from Novatek from our calculations." Investigation PDM at 9 (emphasis added). No party contested Commerce's preliminary finding regarding Novatek, so Commerce continued to exclude purchases from Novatek in its benefit calculations for the final determination. *See generally Phosphate Fertilizers from the Russian Federation*, 86 Fed. Reg. 9,479 (Dep't of Commerce Feb. 16, 2021) (final determination), and accompanying Issues and Decision Memorandum (Investigation IDM). The record does not

indicate that Commerce made a finding, in either its preliminary or final determination, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not a government authority.

Commerce's finding that *Novatek* was a private entity without GOR ownership or control during the period of investigation does not mean that Commerce should have also found ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, a distinct corporate entity, to be free of GOR ownership and control during the underlying period of review. This is particularly so given that JSC Apatit has not provided evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Novatek are the same company, or even that the companies are affiliated. It is thus incongruous for JSC Apatit to claim that, because Commerce found Novatek not to be an authority during the investigation, it should also have found ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ not to be an authority during the underlying review.

Moreover, during the investigation, the GOR actually provided the Input Producer Appendix that Commerce had requested regarding Novatek. In contrast, the GOR did ***not*** provide the requested Input Producer Appendix for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during the underlying review. *Compare* Investigation IDM at 36 ("{T}he GOR only provided an Input Producer Appendix for Gazprom and PJSC Novatek.") *with Phosphate Fertilizers from the Russian Federation*, 88 Fed. Reg. 76,182 (Dep't of Commerce Nov. 6, 2023) (final results), and accompanying IDM at 50 ("{T}he GOR did not provide any information on JSC Apatit's purportedly independent gas producers/suppliers."). As such, the records of the investigation and the underlying review are distinguishable, and Commerce acted reasonably in finding Novatek to not be an authority, while also finding—as AFA—that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not an independent supplier. *See Jiaxing Brother Fastener Co. v. United States*, 822 F.3d 1289, 1299 (Fed. Cir. 2016) (citing *Qingdao Sea-Line Trading Co. v. United States*, 766 F.3d 1378, 1387

3

(Fed. Cir. 2014) (each segment "is a separate exercise of Commerce's authority that allows for different conclusions based on different facts in the record")).

JSC Apatit also argues that Commerce excluded purchases from ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in its benefit calculation during the remand proceedings of the investigation. JSC Apatit Br. at 37. Even if true, this does not imply that Commerce found that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not an authority, in the same way it did for Novatek. To the extent that certain purchases were not included in a particular benefit calculation, there is no reason—or evidence—for this Court to conclude that those purchases were not included due to a finding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not an authority. Indeed, there are a variety of reasons that could support an exclusion of purchases, including inadvertent oversight, calculation error, methodological choice, or differences in the information available on the record of one segment of a proceeding compared to another. *See Ceramica Regiomontana, S.A. v. United States*, 810 F.2d 1137, 1139 (Fed. Cir. 1987) (citing *SEC v. Chenery*, 332 U.S. 194, 196 (1947) ("It is correct that a 'reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.'")). Because Commerce never found during the investigation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not an authority, the Court should not make extrapolations based on JSC Apatit's speculations.

## **CONCLUSION**

For these reasons, and those stated in our response brief, we respectfully request that the Court deny plaintiffs' motions for judgment upon the administrative record and enter judgment for the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | /s/Patricia M. McCarthy<br>PATRICIA MCCARTHY<br>Director |
| OF COUNSEL:<br>K. GARRETT KAYS<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for Trade<br>   Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 482-0018<br>Email: Kenneth.Kays@trade.gov | s/Sosun Bae<br>SOSUN BAE<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-7568<br>Fax: (202) 514-8624<br>Email: Sosun.Bae@usdoj.gov |
| April 17, 2025 | Attorneys for Defendant |

## CERTIFICATE OF COMPLIANCE

Pursuant to this Court's April 14, 2025 order, defendant's counsel certifies that this submission complies with the order, as it is less than five pages long.

/s/Sosun Bae
Sosun Bae
