## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY, <br><br> Plaintiff, <br><br> JOINT STOCK COMPANY APATIT <br><br> Plaintiff-Intervenor, And Consolidated Plaintiff, and <br><br> THE MOSCAIC COMPANY, <br><br> Consolidated Plaintiff, <br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> THE MOSAIC COMPANY, <br><br> Defendant-Intervenor, and Consolidated Defendant-Intervenor, and <br><br> JOINT STOCK COMPANY APATIT, <br><br> Defendant-Intervenor. | Consol. Court No. 23-00239 |

## **ORDER**

On consideration of defendant's consent motion for enlargement of time for parties to file responsive comments in support of the Department of Commerce's remand results, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that responsive comments in support of the remand results be filed by December 15, 2025.

Dated:_____  
New York, NY

_____  
JANE A. RESTANI, JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY,<br><br>    Plaintiff,<br><br>JOINT STOCK COMPANY APATIT<br><br>    Plaintiff-Intervenor,<br>    And Consolidated<br>    Plaintiff, and<br><br>THE MOSCAIC COMPANY,<br><br>    Consolidated Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>THE MOSAIC COMPANY,<br><br>    Defendant-Intervenor, and<br>    Consolidated Defendant-<br>    Intervenor, and<br><br>JOINT STOCK COMPANY APATIT,<br><br>    Defendant-Intervenor. | Consol. Court No. 23-00239 |

**CONSENT MOTION FOR ENLARGEMENT OF TIME TO FILE**
**RESPONSIVE COMMENTS SUPPORTING COMMERCE'S REMAND RESULTS**

Pursuant to Rules 6(b) and 7(b) of the Rules of this Court, defendant, the United States, respectfully requests that the Court grant a 14-day extension of time, through December 15, 2025, for parties to file responsive comments in support of the Department of Commerce's remand results. This is our first request for an extension of time for this purpose. Our

responsive comments are currently due December 1, 2025. On November 20, 2025, Warren Connolly, counsel for Archer Daniels Midland Company, and Maria Arboleda, counsel for Joint Stock Company Apatit, represented their consent to this motion. On November 21, 2025, Stephanie Hartmann, counsel for The Mosaic Company, represented her consent to this motion.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A); *see also* USCIT Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for our requested extension of time. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same was true for the Department of Commerce. On November 12, 2025, Congress appropriated funds for the Department of Justice and Department of Commerce through January 30, 2026, and attorneys have been permitted to resume their usual civil litigation functions as of November 13, 2025.

Since returning to her usual civil litigation functions, undersigned counsel has been required to devote the majority of her time to coordinating with client agencies and counsel for other parties to set new schedules or otherwise manage proceedings in over a dozen cases that had either been stayed due to the lapse in appropriations or were newly assigned to counsel upon

2

her return. Moreover, counsel will be on leave for the Thanksgiving holiday from the afternoon of November 25, 2025, through Friday, November 28, 2025. Finally, counsel is also contending with multiple other work-related matters in early December, including, but not limited to: 1) an answer due December 8, 2025 in *DaVinci Aircraft, Inc. v. United States*, No. 22-576 (Fed. Cl.); 2) an oral argument on December 10, 2025 in *Comm. Overseeing Action for Lumber v. United States*, No. 19-00122 (Ct. Int'l Trade); and 3) ongoing discovery commitments in *Martin Brothers Const. v. United States*, No. 24-1118 (Fed. Cl.).

Accordingly, counsel will require additional time to review the parties' remand comments, prepare responsive comments, coordinate with counsel for Commerce (who has also been grappling with a significant backlog of matters due to the lapse in appropriations), and obtain the necessary internal approvals.

For these reasons, we respectfully request that the Court extend the deadline for filing responsive comments in support of Commerce's remand results by 14 days, through December 15, 2025.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        /s/Patricia M. McCarthy
        PATRICIA MCCARTHY
        Director

| OF COUNSEL: | s/Sosun Bae |
|---|---|
| K. GARRETT KAYS | SOSUN BAE |
| Attorney | Senior Trial Counsel |
| U.S. Department of Commerce | United States Department of Justice |
| Office of the Chief Counsel for Trade | Civil Division |
|   Enforcement and Compliance | Commercial Litigation Branch |
| 1401 Constitution Avenue, NW | P.O. Box 480 |

3

| | |
|---|---|
| Washington, D.C. 20230 | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: (202) 305-7568 |
| | Fax: (202) 514-8624 |
| | Email: Sosun.Bae@usdoj.gov |
| November 24, 2025 | Attorneys for Defendant |

4