**Slip Op. 26-91**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY,<br><br>　　　Plaintiff,<br><br>JOINT STOCK COMPANY APATIT,<br><br>　　　Plaintiff-Intervenor,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　Defendant,<br><br>THE MOSAIC COMPANY,<br><br>　　　Defendant-Intervenor. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 23-00239 |

## <u>MEMORANDUM AND ORDER</u>

Dated: August 12, 2026

[Denying Archer Daniels Midland Company's motion to complete the administrative record.]

<u>Warren E. Connelly</u>, Trade Pacific PLLC, of Washington, DC, for plaintiff, Archer Daniels Midland Company. Also on the brief were <u>Jonathan M. Freed</u>, <u>Kenneth Neal Hammer</u>, and <u>Robert George Gosselink</u>.

<u>Harold Deen Kaplan</u>, Hogan Lovells Cadwalader US LLP, of Washington, DC, for plaintiff-intervenor, Joint Stock Company Apatit. Also on the brief were <u>Jared Rankin Wessel</u>, <u>Jonathan Thomas Stoel</u>, and <u>Maria Alejandra Arboleda Gonzalez</u>.

<u>Sosun Bae</u>, Lead Attorney, Commercial Litigation Branch – Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant, the United States. Also on the brief was <u>Meen Geu Oh</u>. Of counsel on the brief were <u>Emily Elaine Burton</u>, <u>Justin Robert Merhar</u>, <u>Kenneth Garrett Kays</u> and <u>Samuil Oshri Agranovich</u>, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Alexandra S. Maurer, Wilmer, Cutler, Pickering, Hale & Dorr, LLP, of Washington, DC, for defendant-intervenor, The Mosaic Company.  Also on the brief were David J. Ross, Lindsey A. Ricchi, and Stephanie Ellen Hartmann.

     Restani, Judge:  Before the court is Archer Daniels Midland Company's ("ADM") motion to complete the administrative record.  Mot. of the Archer Daniels Midland Co. to Complete the Admin. R., ECF No. 129 (July 28, 2026) ("ADM Mot.").  ADM moves for the court under CIT Rules 7 and 73.2(b) to order the addition to the administrative record of ADM's March 30, 2026, Rebuttal Comments in Response to The Mosaic Company's Submission of New Factual Information ("NFI Rebuttal Comments"), which are not currently in the record due to a filing error made by ADM's counsel during the electronic filing process.  Id. at 1–2.  ADM notes that this document was erroneously E-filed under the first administrative review proceeding rather than the second remand proceeding[1] and, accordingly Commerce did not consider the document in rendering the remand redetermination which is complete and now before the court.  Id. at 3–5. The government takes no position and defers to the discretion of the court but observes that Commerce was unaware of the document and therefore did not consider it.  Id. at 5.  The Mosaic Company has communicated to the court that it defers to the discretion of the court but notes the government's observation.  Email from Stephanie Hartmann, Wilmer, Cutler, Pickering, Hale & Dorr, LLP (July 30, 2026 at 11:43 ET).  JSC Apatit has communicated to the court that it consents to the motion.  Email from Jonathan Stoel, Hogan Lovells Cadwalader US LLP (July 31, 2026 at 14:42 ET).

---

[1] Movant avers that filings with Commerce are coded for the particular segment of the proceeding to which the filing relates.  ADM Mot. at 2–3.  Movant admits it incorrectly coded its filing and that it was advised the filing was not considered with respect to the remand proceedings at issue. Id. at 3–5.

Court No. 23-00239                                                                                    Page 3

The record consists, in relevant part, of "a copy of all information presented to or obtained by [Commerce] during the course of the administrative proceeding."  19 U.S.C. § 1516a(b)(2)(A). The court generally reviews an agency determination on the record on which the determination was reached.  See Changshan Peer Bearing Co. v. United States, 953 F. Supp. 2d 1354, 1362 (CIT 2014).  The statute controls, and neither the parties by consent nor the court as a matter of discretion can add extra-record material to the record.[2]  Commerce has not requested that the record be reopened, and it appears that very similar material is in the record.  See generally Essar Steel Ltd. v. United States, 678 F.3d 1268, 1278 ("The decision to reopen the record is best left to the agency, in this case Commerce.").  The record consists of the information presented to or obtained by Commerce in the administrative proceeding at issue, 19 U.S.C. § 1516a(b)(2)(A), and ADM's NFI Rebuttal Comments were not presented to or obtained by Commerce as they were misfiled. Therefore, they are not part of the record under the statute for purposes of this segment of the proceeding.  Accordingly, the court denies ADM's motion to complete the administrative record.

For the foregoing reasons, the court DENIES ADM's Motion, ECF No. 129.

  /s/ Jane A. Restani  
Jane A. Restani, Judge

Dated: August 12, 2026
    New York, New York

---

[2] While the statute provides that the record may contain information "otherwise stipulated [to] by the parties," 19 U.S.C. § 1516a(b)(2)(A), the court assumes this refers to information before the agency relevant to its determination and likely to a truncation of the record.  In any case, the parties made no such stipulation here.